IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| ANTONIUS CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:22-cv-00730 |
| | ) | |
| v. | ) | Judge Crenshaw |
| | ) | Magistrate Judge Holmes |
| MIMI LAWRENCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants Cpl. Eric Yevin, Cpl. Ky'Vari Bolden, Lt. Jennifer Lane, and Sgt. Robert Goodale ("Defendants") hereby respond to the allegations in Plaintiff's Complaint as follows:

### I.  PARTIES

To the extent the allegations of Section I pertain to these Defendants, Defendants admit that they work at the Davidson County Sheriff's Office and are employees of the Metropolitan Government of Nashville and Davidson County, Tennessee.

### II.  JURISDICTION

Defendants admit that this Court has jurisdiction over Plaintiff's claims. Defendants deny that Plaintiff is entitled to the relief requested or to any other relief in general.

### III.  PREVIOUS LAWSUITS

Defendants are without sufficient information to form a belief as to the truthfulness of the allegations in Section III of the complaint and demand strict proof thereof.

{N0545586.1}

## IV. EXHAUSTION

Defendants are without sufficient information to form a belief as to the truthfulness of the allegations in Section IV of the complaint and demand strict proof thereof. It is denied that Defendants ignored or failed to investigate any alleged grievance relevant to this matter.

## V. CAUSE OF ACTION

Defendants deny that any constitutional rights of the Plaintiff were violated.

## VI. STATEMENT OF FACTS

The Statement of Claim does not contain separate and distinct paragraphs or factual allegations. Therefore, Defendants cannot respond to them as individually numbered paragraphs. In response to Plaintiff's statement of facts, to the extent allegations are directed at these Defendants, Defendants state as follows:

Defendants admit that a minimal amount of force was used to remove the plaintiff from his cell and place him in another, temporary cell for holding. Defendants deny all allegations that the cell smelled of human filth, was contaminated with feces or urine, or that it was not cleaned before the plaintiff's placement there. Defendants further deny that the plaintiff was made to lie face-down in filth, that the plaintiff was stripped of his clothes, socks, and jumpsuit, or that the plaintiff was denied the ability to clean the cell or himself for days. Any allegations inconsistent herewith are expressly denied.

## VII. RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to any relief in this matter.

## VIII. CERTIFICATION

Defendants deny that this Complaint complies with the requirements set forth in this section.

## GENERAL DENIAL

Any allegation not specifically admitted in this Amended Answer is hereby denied by Defendants.

## GENERAL AND AFFIRMATIVE DEFENSES

1. The plaintiff has failed to state a claim for which relief may be granted against Defendants. The plaintiff was not confined under conditions that amounted to cruel and unusual punishment.

2 The plaintiff cannot establish a *prima facie* case of Eighth Amendment cruel and unusual punishment; thus, he has failed to state a claim upon which relief can be granted.

3. The plaintiff cannot show that Defendants committed any act or omission that caused or contributed to the plaintiff's alleged damages.

4. These claims fail to the extent that timely administrative charges were not filed pursuant to the PLRA. The action also fails to the extent that it was brought outside of the applicable limitations period. Therefore, the claims are barred by lack of jurisdiction and the applicable statutes of limitations.

5. Defendants are entitled to the defenses, avoidances, and caps contained in and/or available under the statutes that the plaintiff identified in her pleadings.

6. Defendants are entitled to the defense of qualified immunity in that their conduct did not violate any constitutional or statutory rights of the plaintiff that were clearly established at the time of the alleged incident.

7. Defendants did not violate any constitutional right or other state or federal right to which the plaintiff was entitled. At all relevant times, Defendant acted reasonably, in good faith, and with a reasonable belief in the lawfulness of her actions.

8. Defendants deny that they are liable to the plaintiff and that the plaintiff has sustained any damage. However, to the extent that the plaintiff may be awarded any damages, his recovery must be reduced to the extent that he failed to use reasonable diligence to mitigate his damages.

9. The plaintiff's claims are barred by waiver, acquiescence, ratification, collateral estoppel, res judicata, estoppel and the applicable limitations of actions and statutes of limitations.

10. Plaintiff is not entitled to nominal, compensatory, or punitive damages; attorney's fees; or costs.

11. Defendants reserve the right to assert such additional defenses as may be revealed by discovery in this matter.

## PRAYER FOR RELIEF

WHEREFORE having fully answered the Complaint, Defendants pray:

1. That this be accepted as their answer herein;

2. That this cause be dismissed;

3. That costs be charged to and borne by the plaintiff;

4. That a jury of the maximum number allowed by law be impaneled to adjudicate all claims that are so triable, and that the Court adjudicate any claim that is not triable by a jury; and

5. For such other relief to which Defendants may be entitled or as the Court deems appropriate.

Respectfully submitted,

*/s/ Benjamin A. Puckett*
Benjamin A. Puckett, # 40042
Attorney for the Defendants
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219-6300
(615) 862-6375

**Certificate of Service**

This is to certify that a copy of the foregoing was served via U.S. Mail to Antonius Carter #453371, Bledsoe County Correctional Complex, 1045 Horsehead Rd, Pikeville, TN 37367 on June 23, 2023.

*/s/ Benjamin A. Puckett*
Benjamin A. Puckett