IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| ANTONIUS CARTER, | ) | |
| Plaintiff, | ) | Case No. 3:22-cv-00730 |
| v. | ) | Judge Crenshaw |
| | ) | Magistrate Judge Holmes |
| MIMI LAWRENCE, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S DISPUTED STATEMENT OF MATERIAL FACTS (DOC NO. 43)**

Defendants Eric Yevin, Ky'Vari Bolden, Robert Goodale, and Jennifer Lane ("Defendants") hereby respond to plaintiff's disputed statement of material facts as follows:

1. **The plaintiff exhausted all administrative remedies available to him.** The defendants state the plaintiff did not appeal his May 24, 2022 grievance. [Decl. of Tom Davis, ¶7]. The plaintiff states he could not appeal as he never received a response to his grievance. [Decl. of Antonius Carter,¶¶21, 22]. The grievance response produced by the defendants indicates the plaintiff was not, in fact, notified; the "Inmate Notified" box is blank and unchecked and the notification date is "00/00/0000." [Davis Decl., Ex.4]. Further, the jail's grievance policy contains no provision or instruction for how inmates can appeal if they do not receive a response. [Davis Decl., Ex.1]. Thus, whether the plaintiff exhausted the administrative remedies available to him is a material issue of fact in dispute.

**Response:** Objection. This statement does not comport with LR 56.01 in that it is a compound statement with a number of immaterial statements and legal conclusions rather than fact. LR 56.01 requires "Each such disputed *fact* must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute." (emphasis added).

{N0620322.1}

It is undisputed that Plaintiff did not file an appeal of his May 24, 2022 grievance.

Regarding the unchecked box on the grievance report (Doc. No. 32-4) and DCSO's grievance policy: These statements are immaterial. A fact is only material "if its existence or non-existence will affect the outcome of the lawsuit…" *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 823 (M.D. Tenn. 2021) (RICHARDSON, J.) "The applicable substantive law will identify which facts are material." *Id.* at 821 (cleaned up).

First, Plaintiff's allegations that 1) he never received DCSO's response denying his grievance, and 2) that he was unable to file an appeal, arose only after Defendants had filed a motion for summary judgment. Those claims directly contradict Plaintiff's verified Complaint and are otherwise unsupported by the record. Thus, these statements cannot create a material dispute of fact and should be stricken or otherwise disregarded. *See, e.g., Boykin v. Family Dollar*, 3 F.4th 832, 842 (6th Cir. 2021) (holding "a party cannot create a genuine dispute of material fact with an affidavit that conflicts with the party's earlier testimony about the fact"); *Aerel, S.R.L. v. PCC Airfoils*, 448 F.3d 899, 906 (6th Cir. 2006); *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 460 (6th Cir. 1986).

Second, Plaintiff cannot claim that the appeal was unavailable to him when he made no affirmative efforts to file that appeal. *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) ("[B]ut this court has required a prisoner to make affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.") (cleaned up); *Lamb v. Kendrick*, 52 F.4th 286, 293 (6th Cir. 2022) ("Even if an inmate has evidence to show that an administrative procedure was unavailable, he is not automatically absolved from the PLRA's exhaustion requirement because this Circuit requires inmates to make affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these

{N0620322.1}

remedies unavailable.") (cleaned up).

The remaining statements in this paragraph are legal conclusions. *Harrah's Ent., Inc. v. Ace Am. Ins. Co.*, 100 F. App'x 387, 394 (6th Cir. 2004) (where the non-moving party's statements "amounted to nothing more than legal conclusions, the district court did not abuse its discretion in striking them."). Moreover, "a motion for summary judgment is appropriate because the parties raise questions of law, the resolution of which does not involve disputed material facts." *Edwards v. Aguillard*, 482 U.S. 591 (1987).

2. **The cell the plaintiff was moved into on May 21, 2022 (cell L-11) had urine and feces all over the floor.** The defendants deny there was any feces or urine on the floor. [Plaintiffs Response to Summary Judgment Motion, Ex. 1(Responses to Admissions), ¶¶ 5,6,10]. The plaintiff states there was urine and feces all over the floor, which was obvious both visually and by smell. [Carter Decl., ¶4]. Therefore, whether there was urine and feces on the floor of the cell is a material issue of fact in dispute.

**Response:** Objection. This statement does not comport with LR 56.01 in that it is a compound statement with a number of immaterial statements. LR 56.01 requires "Each such disputed *fact* must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute." (emphasis added).

Further, Plaintiff's allegation that the urine and feces were *visually* obvious arose only after Defendants had filed a motion for summary judgment, directly contradicts his verified Complaint, and, as such, cannot create a genuine dispute of material fact and should be stricken. *Boykin*, 3 F.4th at 842.

Finally, the statement that Plaintiff's cell had urine and feces on the floor is immaterial. Again, a fact is material only "if its existence or non-existence will affect the outcome of the

{N0620322.1}

lawsuit…" *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 823 (M.D. Tenn. 2021) (RICHARDSON, J.) "The applicable substantive law will identify which facts are material." *Id.* at 821 (cleaned up). It is well established that "temporary exposure to unsanitary conditions does not amount to an Eighth Amendment violation." *Dykes v. Benson*, 2022 WL 19076614, *6 (6th Cir. Nov. 22, 2022); (where, citing *Hutto*, the Court found that 3 days in a "filthy cell" with "feces and unknown substances on the walls" and "a toilet smelling of feces and urine" were insufficient to establish an Eighth Amendment claim.). Further, Plaintiff does not allege that he told Defendants about the alleged unsanitary conditions. The earliest any of the Defendants could have been aware of the allegedly unsanitary conditions in Plaintiff's cell was May 24, 2022, when Plaintiff first filed a grievance. (Doc. No. 32-3, Carter Grievance.) Such allegations are insufficient under either the traditional subjective deliberate indifference standard or *Kingsley's* objective reasonableness standard to establish a conditions of confinement claim. *Lawler v. Hardeman Cnty., Tennessee*, 93 F.4th 919, 926–27(6th Cir. 2024); *Trozzi v. Lake Cnty., Ohio*, 29 F.4th 745, 757–58 (6th Cir. 2022).

3. **The cell had not been cleaned prior to plaintiff's placement in the cell.** The defendants claim the cell had been cleaned. [Response, Ex. 1 (Admissions) ¶¶3,4]. The plaintiff states it was apparent the cell had not been cleaned prior to his placement because there was urine and feces all over the floor. [Carter Decl.,¶5]. Although the defendants produced a Daily Log Report for the unit where the cell was located, that log does not indicate the cell was cleaned (or any cells were cleaned) *prior* to the plaintiffs placement in the cell on May 21, 2022. [Davis Decl., Ex.6]. Nor did the defendants produce in discovery any other records indicating the cell had been cleaned prior to the plaintiffs placement there. [Response, Ex.2 (Interrogatories) ¶16]. Thus, whether the cell had been cleaned prior to the plaintiff being moved into the cell is a material issue of fact in dispute.

{N0620322.1}

**Response:** Objection. This statement does not comport with LR 56.01 in that it is a compound statement with a number of immaterial statements. LR 56.01 requires "Each such disputed *fact* must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute." (emphasis added).

Whether the cell had been cleaned prior to Plaintiff entering it is immaterial. Again, a fact is material only "if its existence or non-existence will affect the outcome of the lawsuit…" *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 823 (M.D. Tenn. 2021) (RICHARDSON, J.) "The applicable substantive law will identify which facts are material." *Id.* at 821 (cleaned up). It is well established that "temporary exposure to unsanitary conditions does not amount to an Eighth Amendment violation." *Dykes*, 2022 WL 19076614, *6. Therefore, the relevant question is not whether the cell was cleaned, but whether the conditions of Plaintiff's confinement denied "'the minimal civilized measure of life's necessities.'" *Dykes*, 2022 WL 19076614, *5 (quoting *Wilson v. Seither*, 501 U.S. 294, 298 (1991)). That is because, "*extreme deprivations* are required to make out a conditions-of-confinement claim." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (emphasis added).

It is undisputed that Plaintiff's cell was cleaned on the same day he was transferred. (Doc. No. 32, Davis Decl. at ¶ 9.)

4. **Defendants Yevin, Bolden, Goodale and Lane were aware of the unsanitary conditions in the cell (i.e. that there was urine and feces on the floor).** The defendants deny any such knowledge. [Response, Ex. 1 (Admissions) ¶¶10,11,18,19]. The plaintiff states all defendants were aware of the unsanitary conditions in the cell because they were present when he moved into the cell, the conditions were obvious, and he complained to them about the conditions. [Carter Decl., ¶¶6,7,9,10]. All the defendants admit they were present when the

{N0620322.1}

plaintiff was placed in the cell. [Response, Ex.2 (Interrogatories) ¶4]. Therefore, whether the defendants were aware of the unsanitary conditions in the cell is a material issue of fact in dispute.

**Response:** Objection. Again, this statement does not comport with LR 56.01 in that it is a compound statement with a number of immaterial statements. LR 56.01 requires "Each such disputed *fact* must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute." (emphasis added).

Further, Plaintiff's allegations that 1) Defendants were aware of the allegedly unsanitary conditions of his cell, 2) that the unsanitary conditions were obvious, and 3) that he complained about those conditions to Defendants arose only after Defendants had filed a motion for summary judgment. These claims directly contradict his verified Complaint and are otherwise unsupported by the record. Thus, these statements cannot create a material dispute of fact and should be stricken. *See, e.g., Boykin v. Family Dollar*, 3 F.4th 832, 842 (6th Cir. 2021) (holding "a party cannot create a genuine dispute of material fact with an affidavit that conflicts with the party's earlier testimony about the fact."); *Aerel, S.R.L. v. PCC Airfoils*, 448 F.3d 899, 906 (6th Cir. 2006); *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 460 (6th Cir. 1986).

It is undisputed for the purposes of summary judgment that all Defendants were present when Plaintiff was moved to his cell. Because Plaintiff's declaration must be stricken, it is similarly undisputed that no Defendant was aware of unsanitary conditions in Plaintiff's cell.

5. **The plaintiff requested cleaning supplies from the defendants to clean his cell, and his requests were ignored or refused.** The defendants deny that any such requests were made or were ignored or refused. [Response, Ex.1 (Admissions) ¶¶34,35]. The plaintiff states that he requested cleaning supplies from all the defendants and his requests were ignored or refused.

{N0620322.1}

[Carter Decl., ¶¶8,11]. Therefore, whether the plaintiff requested cleaning supplies from the defendants and his requests were ignored or refused is a material issue of fact in dispute.

**Response:** Objection. This statement does not comport with LR 56.01 in that it is a compound statement with a number of immaterial statements. LR 56.01 requires "Each such disputed *fact* must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute." (emphasis added).

Any discussion of cleaning supplies is immaterial. This Court has expressly dismissed in its frivolity Order any and all claims related to the denial of hygiene items and clean clothing for a period of days. (Memo. Op., Doc. No. 4 at 6.) The only relevant facts in Plaintiff's Eighth Amendment claim are about the presence of (or lack of) urine and fecal material in Plaintiff's cell.

6. **The plaintiff was denied access to a towel, soap, shower shoes, washrag and/or clean clothes from May 21 to May 25, 2022.** The defendants deny the plaintiff was denied access to such items. [Response, Ex. 1 (Admissions) ¶36]. The plaintiff states he was denied access to such items, and thus could not shower in his cell. [Carter Decl., ¶¶17,18]. The defendants admit they have no documentation or records that the plaintiff had access to such items. [Response, Ex. I (Admissions) ¶37]. Further, they admit he was on prope1ty restriction *[Id.,* ¶26], which would indicate he was not allowed to have such items. Thus, whether the plaintiff had access to a towel, soap, etc. from May 21-25, 2022 is a material issue of fact in dispute.

**Response:** Objection. This statement does not comport with LR 56.01 in that it is a compound statement with a number of immaterial statements. LR 56.01 requires "Each such disputed *fact* must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute." (emphasis added).

{N0620322.1}

Any discussion of cleaning supplies is immaterial. This Court has expressly dismissed in its frivolity Order any and all claims related to the denial of hygiene items and clean clothing for a period of days. (Memo. Op., Doc. No. 4 at 6.) The only relevant facts in Plaintiff's Eighth Amendment claim are about the presence of (or lack of) urine and fecal material in Plaintiff's cell.

7. **The cell was not cleaned after the plaintiff moved into the cell on May 21, 2022.** The defendants claim the cell was cleaned on May 21, 2022 after the plaintiff was moved into the cell. [Davis Decl., ¶9]. They cite the Daily Log Report, which states "Cells cleaned. Trash bagged and removed from the unit." *[Id.,* Ex.6, p.4]. The plaintiff denies his cell was cleaned, and states inmates had to clean their own cells and he was denied cleaning supplies. [Carter Decl., ¶¶14,15]. The Daily Log Report does not say *all* the cells were cleaned or who cleaned them; also, that log entry, at 05:42:40, was entered less than one minute after breakfast was served in the unit at 05:41:44. [Davis Decl., Ex.6 p.4]. This casts doubt on whether all the cells in the unit were in fact cleaned less than a minute after breakfast was served, and specifically whether plaintiff's cell was cleaned. Further, the defendants admit the plaintiff was on property restriction. [Response, Ex.1 (Admissions) ¶¶26]. Given that the plaintiff was not even allowed to have his socks and jumpsuit *[Id.,* ¶24], it is unlikely he would be given cleaning supplies - a broom, mop, cleaning chemicals, etc. - while on property restriction. Therefore, whether the plaintiff's cell was cleaned on May 21, 2022 is a material issue of fact in dispute.

**Response:** Objection. This statement does not comport with LR 56.01 in that it is a compound statement with a number of immaterial statements. LR 56.01 requires "Each such disputed *fact* must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute." (emphasis added).

{N0620322.1}

Further, Plaintiff has not offered any evidence to place these claimed facts in dispute. Instead, he hopes to cast doubt on Defendants material facts. But a party opposing a motion for summary judgment "may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact [and] must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (cleaned up). Accordingly, it is undisputed that Plaintiff's cell was cleaned on the same day he was transferred. (Doc. No. 32, Davis Decl. at ¶ 9.)

8. **The plaintiff suffered a painful and bleeding rash due to the unsanitary conditions in the cell, which required prescribed medication to treat.** The defendants deny any such medical condition or treatment. [Response, Ex.1 (Admissions) ¶¶40, 41 (referencing ¶28)]. The plaintiff states he did suffer a rash that required prescribed medication to treat. [Carter Decl., ¶19]. Thus, whether the plaintiff suffered a rash that required prescribed treatment due to the unsanitary conditions in the cell is a material issue of fact in dispute.

**Response:** Objection. Again, this statement does not comport with LR 56.01 in that it is a compound statement with a number of immaterial statements. LR 56.01 requires "Each such disputed *fact* must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute." (emphasis added).

Any discussion of Plaintiff's rash is immaterial. This Court has expressly dismissed in its frivolity Order any and all claims related to the denial of hygiene items and clean clothing for a period of days. (Memo. Op., Doc. No. 4 at 6.) The only relevant facts in Plaintiff's Eighth Amendment claim are about the presence of (or lack of) urine and fecal material in Plaintiff's cell.

9. **The plaintiff did not defecate on the floor in his cell.** The defendants allege that at some unspecified time, the plaintiff defecated on the floor in his cell. [Response, Ex.2

{N0620322.1}

(Interrogatories) ¶14]. The plaintiff flatly denies that ever happened. [Carter Decl., ¶25]. If the defendants saw feces on the cell floor, it is reasonable to infer it was the feces that were already present when plaintiff was moved into the cell. Other than the single Interrogatory response, defendants have produced no evidence such as incident reports, Daily Log Reports, disciplinary reports, etc. - in support of that allegation. Assuming defendants intend to raise this issue at trial in their defense, whether or not the plaintiff defecated on the floor of his cell is a material issue of fact in dispute.

**Response:** Objection. Again, this statement does not comport with LR 56.01 in that it is a compound statement with a number of immaterial statements. LR 56.01 requires "Each such disputed *fact* must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute." (emphasis added).

Statements about whether or not Plaintiff defacated on the floor of his own cell are immaterial. As such, Defendants do not rely on any such statement in their motion for summary judgment. The only relevant facts in Plaintiff's Eighth Amendment claim are about the presence of (or lack of) urine and fecal material in Plaintiff's cell at the time he was placed in that cell. What Plaintiff did or did not do to his cell after that time is extraneous to this case.

Respectfully submitted,

*/s/Benjamin A. Puckett*
Benjamin A. Puckett, #40042
*Attorney for the Defendants*
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219-6300
(615) 862-6341

{N0620322.1}

## Certificate of Service

      This is to certify that a copy of the foregoing was served via U.S. Mail to Antonius Carter #453371, Bledsoe County Correctional Complex, 1045 Horsehead Rd, Pikeville, TN 37367 on June 27, 2023.

                                          */s/ Benjamin A. Puckett*
                                          Benjamin A. Puckett