**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **ANTONIUS CARTER,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**MIMI LAWRENCE, et al.,** )<br>)<br>**Defendants.** ) | **NO. 3:22-cv-00730** |

**MEMORANDUM OPINION AND ORDER**

Pro Se Plaintiff Antonius Carter has filed an Objection to the Magistrate's Order and Motion for Review (Doc. No. 21 and 25) denying his motion for the appointment of counsel. (Doc. No. 20). The Magistrate Judge denied his motion because "he has not articulated circumstances that render [his] case an exceptional one that requires the appointment of counsel." (Doc. No. 21 at 2). Carter believes that he is entitled to appointment of counsel because: "he has a documented intellectual disability, limited reading ability (4th grade), no legal or litigation experience and is functionally unable to prosecute this case by himself." (Doc. No. 25 at 2. In support of his objection, he relies upon the Psychological Evaluation dated April 9, 2023 and the Affidavit of Nicholas Rudolph filed with his Motion for Appointment of Counsel. (Doc. No. 20, 20-1).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing Willett favorably). The appointment of

counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).

The Court agrees that Carter has not established exceptional circumstances to justify appointment of counsel. While the Psychological Evaluation reports he "has significant cognitive deficits that have been diagnosed as Intellectual Disability," (Doc. No. 20-1 at 8) it also reports that he has successfully obtained "enough credits to get his diploma." Id. at 3. With respect to his 4th grade reading level, the Report clarifies that: "this does not mean that he can only read material at this grade level, but rather means that he reads words most like the average student in the 4th grade." Id. at 6. His lack of legal or litigation experience is not unusual. And in fact typical to most prisoners. See Murray v. Giarratano, 492 U.S. 1, 7 (1989) (pro se litigant); Richmond v. Settles, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); Debow v. Bell, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). Moreover, as to his functional ability to handle his case, another inmate, Nicholas Rudolph, is allowed to conduct research for him (Doc. No. 20-1) and Carter has demonstrated that he is able to prosecute his case by filing multiple coherent documents with the Court. (Doc. No. 43, 42, 41 and 40).

The Magistrate Judge correctly concluded that Carter is not deserving at this time to appointment of counsel. Carter's objection is **OVERRULED**. The Magistrate Judge's Order is **AFFIRMED**.

IT IS SO ORDERED.


_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE