UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIUS CARTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:22-cv-00730 |
| | ) |
| MIMI LAWRENCE, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Magistrate's Judge's Report and Recommendation ("R&R") (Doc. No. 52) recommending that the Court grant the Motion for Summary Judgment (Doc. No. 31) of Defendants Eric Yevin, Ky'Vari Bolden, Robert Goodale, and Jennifer Lane. Plaintiff Antonio Carter ("Carter"), proceeding pro se, filed objections to the R&R (Doc. No. 53) to which Defendants responded (Doc. No. 56). Under Federal Rule of Civil Procedure 72(b)(3), the Court reviews de novo those parts of the R&R to which a party objects. Carter, relying on his Declaration (Doc. No. 41), objects to the conclusion in the R&R that there are no disputed issues of fact on whether he was subjected to conditions of confinement that violate the Fourteenth Amendment to the Constitution.

Carter's Declaration (that the Magistrate Judge and this Court accepts as true) tells his story:

- Carter was a pretrial detainee in the Davidson County Detention Center on May 20, 2022.

- On May 21, 2022, he received discipline that included pie-flap[1] and property restriction and he was moved to Cell L-11.

- Because he was on property restriction, his clothes, shoes, socks and jumpsuit were removed for one day from May 21 to May 22, 2022.

- When he entered Cell L-11 he saw "urine and feces all over the floor, and small flying insects were present." (Doc. No. 41 at 1).

- Because he was on pie-flap restriction, he was required to lie down on the floor covered in urine and feces four or five times a day.

- Carter complained to officials about the conditions of Cell L-11.

- Cell L-11 has its own shower that was available to Carter.

- Carter did not use the shower from May 21 to 25 because he did not have soap, shampoo, a towel, shower shoes and other hygiene items.

- Carter wore the same clothes because his request to send his clothes out for laundry was denied.

- Carter received cleaning supplies on May 24, 2022.

- Carter was transferred from the Detention Center on May 30, 2022.

Carter brings his case under 42 U.S.C. § 1983. The Magistrate Judge correctly stated the applicable law. To prevail, Carter must prove that the Defendants acted under color of state law and that he was denied a right secured under the Constitution. The Fourteenth Amendment applies to pretrial detainees' conditions of confinement, and "offers protections to pretrial detainees that at least match those afforded convicted prisoners under the Eighth Amendment." (R&R at 10-11)

---

[1] A pie-flap is a hinged opening in a prison cell door that allows for items to be passed through to the inmate, such as mail or a food tray.

2

(citing cases). The Magistrate Judge properly recognized that a conditions-of-confinement claim consists of an objective and a subjective component. The objective component requires the deprivation to be "sufficiently serious" and the subjective component requires that the defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" R&R at 11 (citing cases). Carter concedes that conditions-of-confinement claims are "highly fact-specific." Lamb v. Howe, 677 F. App'x 204, 209 (6th Cir. 2017), and require consideration of all conditions.

Carter relies on three cases for why summary judgment is not proper as recommended by the Magistrate Judge.

First, he cites Berkshire v. Dahl, 928 F.3d 520 (6th Cir. 2017) and Jabbar-El v. Johnson, 872 F.2d 1026 (6th Cir. 1989) because they support a finding of a constitutional violation in this case. A close reading of Berkshire reveals that the Sixth Circuit discussed conditions of confinement in the context of whether a law enforcement officer was entitled to qualified immunity on the issue of whether the law was clearly established. Sergeant Nelson in Berkshire denied an inmate a bathroom break and made the inmate lay "in his own urine and feces for several hours." 928 F.3d at 538. The Sixth Circuit agreed with the district court that the Supreme Court placed Sergeant Nelson on fair warning that such conduct "without a penological purpose" violates the Eighth Amendment. The Sixth Circuit affirmed denial of summary judgment because there was a fact issue on whether Sergeant Nelson's actions were taken for a legitimate penological reason. Id. Similarly, in Jabbar-El, the convicted inmate was guilty of possessing contraband and was placed in a segregation cell as punishment. The inmate sued under § 1983 because he was placed in a cell infested with "vermin [and] feces on the wall" without lighting, soap, a toothbrush or cleaning

supplies. 872 F.2d at 1026-27. The Court's analysis focused on whether he received procedural due process before his punishment. These two cases do not help Carter.

Turning to Dykes v. Benson, 2022 WL 19076614 (6th Cir. 2022), Carter disagrees with the Magistrate Judge on whether this case is on point. Dykes alleged retaliation from state prison guards when they "falsified" a misconduct charge against him that resulted in 57 days of segregation. He claimed that the conditions of his segregation violated the Eighth Amendment cruel and unusual prohibition. According to Dykes, his cell was a "filthy unsanitary segregation cell" with feces and unknown substances on the walls, a toilet smelling of feces and urine and he was denied cleaning supplies. Id. at 5. The Sixth Circuit affirmed dismissal of this claim. The Sixth Circuit's reasoning likewise applies here:

> The Eighth Amendment's prohibition against cruel and unusual punishments requires prison officials to "provide humane conditions of confinement." However, "extreme deprivations are required to make out a conditions-of-confinement claim." "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."
>
> The district court accepted as true Dykes's claims that he was placed in a filthy cell on January 17, 2018, but went on to determine that it was undisputed that he was provided cleaning supplies on January 20, 2018. As the district court pointed out, temporary exposure to unsanitary conditions does not amount to an Eighth Amendment violation. (citation omitted).

Id. *5, *6.

Like the inmate in Dykes, Carter was put in a segregated cell for punishment. Dykes was in segregation 57 days, Carter only ten days, during which he had access to a shower. Dykes and Carter went without cleaning supplies for three days. Carter lost his clothes for one day; access to soap and shampoo for 4 days and was denied outside laundry services. This Court agrees with the

Magistrate Judge that Carter was not subjected to "extreme deprivations" or the "minimal civilized measure of life's necessities." Id. *5. The Court agrees summary judgment is proper.

Antonius Carter's Objections (Doc. No. 53) are **OVERRULED**, the Report and Recommendation (Doc. No. 52) is **APPROVED AND ADOPTED**, and the Motion for Summary Judgment (Doc. No. 31) is **GRANTED**.

This Order shall constitute the final judgment under Federal Rule of Civil Procedure 58. The Clerk shall close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE